IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NICHOLAS CHARLES, JAKOBE WELLS, KIMO TAITANO,** and **MAKALON ANTOINE,** each individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>**v.**<br><br>**WHITE KNIGHT PEST CONTROL, INC.,**<br><br>　　　　　　Defendant. | Case No. 4: 23-cv-00640 |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs Nicholas Charles, Jakobe Wells, Kimo Taitano, and Makalon Antoine ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their undersigned counsel, hereby present this Unopposed Motion for Leave to Amend Complaint (the "Motion").

1. Plaintiffs seek leave of this Court to file their First Amended Complaint in order to more efficiently adjudicate the claims brought in this action. The First Amended Complaint is attached hereto as **Exhibit A**.

2. There is no current deadline for amendment of pleadings; therefore, the Motion for Leave to Amend Complaint is timely.

3. Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend his pleading once as a matter of course within 21 days after service and, otherwise, with either the opposing party's written consent or the court's leave; "Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted 'freely.'" *Id., citing Chitimacha Tribe of La. v.*

*Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir.1982). "A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment." *Id.*, *citing Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Id.*, *citing Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir.1998).

4.   Courts have provided guidance on the limited circumstances that would constitute a substantial reason to deny leave to amend. "There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile." *See Foman v. Davis*, 371 U.S. 178 (1962). *See also Martin's Herend Imps., Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir.1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993).

5.   None of the above factors exist. Plaintiffs seek to amend the Complaint in order to substitute a new Named Plaintiff into the litigation and remove Nicholas Charles, Jakobe Wells, Kimo Taitano, and Makalon Antoine as named plaintiffs so as to more efficiently adjudicate the claims brought in this action. Leave to amend is not sought for the sake of delay, but so that justice may be done.

6.   Defendant is unopposed to this amendment.

7.   Plaintiffs respectfully request that the Motion be granted and that the First Amended Complaint, attached as **Exhibit A**, be entered as the live Complaint in this action.

Respectfully submitted,

*/s/ Katherine Serrano*
Katherine Serrano
TX Bar No. 24110764

**FORESTER HAYNIE PLLC**
400 N. St. Paul St., Ste. 700
Dallas, TX 75201
Telephone: (214) 210-2100
Facsimile: (469) 399-1070
kserrano@foresterhaynie.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing document was served on all counsel and parties of record via the Court's Electronic Filing System.

/s/ Katherine Serrano
Katherine Serrano

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs conferred with counsel for Defendant regarding the relief sought in this action. Defendant is unopposed to the relief sought herein.

/s/ Katherine Serrano
Katherine Serrano
