IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**SHAWNA JOHNSON,** **PLAINTIFF,**
**Individually and on Behalf of All Others**
**Similarly Situated**

vs.   No. 4:23-cv-640

**WHITE KNIGHT PEST CONTROL, INC.** **DEFENDANT**

### FIRST AMENDED COMPLAINT

Plaintiff Shawna Johnson ("Plaintiff"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for her First Amended Complaint against Defendant White Knight Pest Control, Inc., states and allege as follows:

**I.   PRELIMINARY STATEMENTS**

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiff, individually and on behalf of all others similarly situated, seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper wages under the FLSA.

**II.   JURISDICTION AND VENUE**

3. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Texas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

6. The acts complained of herein were committed and had their principal effect against Plaintiff within the Houston Division of the Southern District of Texas, and venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

7. Plaintiff Shawna Johnson is an individual and resident of Bell County.

8. Defendant White Knight Pest Control, Inc. ("White Knight"), is a domestic, for-profit corporation.

9. White Knight's registered agent for service of process is Szucceed Ly at 2105 Flint Rock Loop, Driftwood, Texas 78619.

10. Defendant maintains a website at https://www.whiteknightpest.com/.

### IV.   FACTUAL ALLEGATIONS

**A.   Facts Related to Plaintiff's FLSA Claims**

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that

have been moved in or produced for interstate commerce, such as vehicles, fuel and materials typically used in the pest control industry.

12. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this the Original Complaint. Dkt. No. 1.

13. Defendant's primary business is to provide pest control services to its customers, and Defendant employs technicians to accomplish this purpose.

14. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

15. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

16. Specifically, Defendant employed Shawna Johnson as a Technician from March of 2022 until June of 2023.

17. Defendant also employed other Technicians within the three years preceding the filing of this Complaint.

18. Plaintiff's primary duties were to provide pest control services in the homes and locations of Defendant's clients.

19. At all times material herein, Plaintiff and other Technicians have been entitled to the rights, protections and benefits provided under the FLSA.

20. Defendant did not pay Plaintiff or other Technicians an hourly or a salary wage.

21. Defendant paid Plaintiff and other Technicians a fee equal to 15% of the collected cost of each of the pest control services Plaintiff or other Technicians performed for customers of Defendant. For example, if a technician completed 3 jobs for Defendant's customers and Defendant collected $100 from each customer ($300 total), then the technician would be paid $45 (15% of $300) for the 3 jobs.

22. If Plaintiff or other Technicians were required to "reservice" a customer—where a technician was required to return to a customer's location to perform pest control services a second time—Defendant did not pay Plaintiff or other Technicians for that service either.

23. Defendant did not pay Plaintiff or other Technicians for performing pest control services other than the percentage described above.

24. Defendant did not pay Plaintiff or other Technicians for their drive time before, after or between performing services for Defendant's customers.

25. Defendant did not pay Plaintiff or other Technicians for time spent at Defendant's office to pick up materials needed to perform services for Defendant's customers.

26. Defendant paid Plaintiff an hourly wage of $10.00 per hour during a brief training period in the beginning of their employment.

27. Defendant classified Plaintiff and other Technicians as exempt from the overtime requirements of the FLSA.

28. Defendant directly hired Plaintiff and other Technicians to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding their employment.

29. Plaintiff regularly worked over forty hours per week throughout their tenure with Defendant.

30. Upon information and belief, other Technicians also regularly or occasionally worked over forty hours per week throughout their tenure with Defendant.

31. Defendant did not pay Plaintiff or other Technicians 1.5 times their regular rate of pay for hours worked over 40 in a week.

32. Plaintiff recorded her time worked by messaging a company group chat maintained by Defendant at the start and end of each job.

33. Defendant did not pay Plaintiff for the time they spent traveling between job sites.

34. Plaintiff was regularly required to attend mandatory meetings at Defendant's office at the start of the day.

35. Defendant did not pay Plaintiff for the time spent traveling from Defendant's office to their first job site of the day.

36. In addition to completing services for Defendant's customers, Plaintiff was also required to attend mandatory weekly meetings at Defendant's office three times per week, each lasting approximately 1 hour; however, Defendant instructed Plaintiff not to record her time spent in these meetings.

37. Because Plaintiff was only allowed to clock in at the beginning of their first job of the day, the time they spent driving from Defendant's office after a mandatory meeting to their first job of the day went unrecorded.

38. Defendants knew or should have known that Plaintiff and other Technicians were working hours which went unrecorded and uncompensated.

39. 29 C.F.R. § 779.412 states that employees who are paid on a commission basis must receive a regular hourly rate of 1.5x the applicable minimum wage.

40. Plaintiff and other Technicians regularly or occasionally worked so many hours over 40 in a week that their hourly rate was less than 1.5x their regular rate of pay for all hours worked over 40.

41. Defendant improperly classified Plaintiff and other Technicians as exempt from the overtime requirements of the FLSA by virtue of the Retail Sales Exemption, 29 U.S.C. § 207(i), because Plaintiff and other Technicians did not always receive 1.5x the applicable minimum wage for all hours worked.

42. In the course of their employment, Plaintiff and other Technicians were regularly required to drive to Defendant's customers homes.

43. Plaintiff Shawna Johnson estimates she drove more than 1500 miles per week.

44. Defendant did not reimburse Plaintiff for gasoline or automobile expenses.

45. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee "kicks-back" directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

46. Because Defendant failed to reimburse Plaintiff for mileage, they consistently "kicked-back" to Defendant the cost of their mileage, which caused minimum wage violations and additional overtime violations.

47. Upon information and belief, other Technicians were also not reimbursed for their mileage, causing minimum wage violations and additional overtime violations.

48. Upon information and belief, Defendant's pay practices were similar or the same for all Technicians.

49. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

50. At all relevant times herein, Defendant has deprived Plaintiff and other Technicians of proper overtime compensation for all of the hours worked over forty per week.

51. The net effect of Defendant's practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendant intentionally avoided paying Plaintiff minimum wage and an overtime premium for all hours worked over forty each week.

52. Defendant made no reasonable efforts to ascertain and comply with applicable law.

53. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

54. Plaintiff bring her claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as Technicians paid on a

piece-rate basis at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Minimum wage for all hours worked;

    B.    Overtime premiums for all hours worked over forty hours in any week;

    C.    Liquidated damages; and

    D.    Attorneys' fees and costs.

55.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

56.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action [Dkt. No. 1] was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

57.    Plaintiff proposes the following class under the FLSA:

**All Technicians who were paid
on a piece-rate basis in the past three years.**

58.    The proposed FLSA collective members are similarly situated in that they share these traits:

    A.    They were paid on a piece-rate basis;

    B.    They were not paid an overtime premium for all hours worked in excess of forty per week;

    C.    They regularly worked more than forty hours per week;

    D.    They were subject to Defendant's common policy of requiring them to perform work which went unrecorded; and

E.  They were subject to Defendant's common policy of not reimbursing for automobile expenses related to driving to Defendant's customers' homes to perform pest control services.

59. Plaintiff is unable to state the exact number of the class but believes that the class exceeds thirty persons.

60. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

61. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

62. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.  FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

63. Plaintiff asserts these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all relevant times, Defendant has been an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

67. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

68. Defendant failed to pay Plaintiff for all hours worked.

69. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

70. Defendant knew or should have known that their actions violated the FLSA.

71. Defendant's failure to pay Plaintiff all overtime wages was willful.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

73. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

74. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.     SECOND CAUSE OF ACTION
(Collective Action Claim for Violation of the FLSA)

75. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

76. At all relevant times, Defendant has been an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

77. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

78. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours over 40 each week.

79. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours they worked over forty per week, in violation of the FLSA.

80. Defendants deprived Plaintiff and other similarly situated employees of a lawful minimum wage for all hours worked.

81. Defendant knew or should have known that their actions violated the FLSA.

82. Defendant's conduct and practices, as described above, were willful.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees provided by the FLSA for all violations which

occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

84. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

85. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shawna Johnson, individually and on behalf all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged herein violate the FLSA, the Texas Labor Code and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the Texas Labor Code and their related regulations;

  D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

  E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

  F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Katherine Serrano*
Katherine Serrano
TX Bar No. 24110764
**FORESTER HAYNIE PLLC**
400 N. St. Paul St., Ste. 700
Dallas, TX 75201
Telephone: (214) 210-2100
Facsimile: (469) 399-1070
kserrano@foresterhaynie.com

**COUNSEL FOR PLAINTIFF**