IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHAWNA JOHNSON, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br> v.<br><br>WHITE KNIGHT PEST CONTROL, INC.,<br><br>   Defendant. | §§§§§§§§§§§§§§§§    CIVIL ACTION NO. 4:23-cv-00640 |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant White Knight Pest Control, Inc. ("Defendant") files its Answer and Affirmative and Other Defenses to Plaintiff's Amended Complaint (Doc. No. 17) filed by Plaintiff Shawna Johnson ("Johnson" or "Plaintiff"), answering in numbered paragraphs as follows:

**DEFENDANT'S ANSWER**

Without waiving any of Defendant's affirmative or other defenses, Defendant answers the allegations in Plaintiff's Amended Complaint on a paragraph-by-paragraph basis as follows:

   **I. PRELIMINARY STATEMENTS**

 1. Defendant admits that Plaintiff seeks to proceed on a collective basis, but Defendant denies the remainder of the allegations contained in paragraph one.

 2. Defendant admits that Plaintiff seeks, individually and on behalf of others similarly situated, certain relief and damages described in paragraph two; however, Defendant denies Plaintiff's entitlement to any relief listed in paragraph two.

## II. JURISDICTION AND VENUE

3. Defendant admits that the United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit.

4. Defendant admits the allegation contained within paragraph four.

5. Defendant admits that venue lies properly within the Court.

6. Defendant denies that any wrongful acts occurred; however, Defendant admits that venue is property within the Houston Division of the Southern District of Texas.

## III. THE PARTIES

7. Defendant is without knowledge of Plaintiff Shawna Johnson's current county of residence; thus, Defendant denies the same.

8. Defendant admits the allegation contained within paragraph eight.

9. Defendant admits the allegation contained within paragraph nine.

10. Defendant admits the allegation contained within paragraph ten.

## IV. FACTUAL ALLEGATIONS

**A. Facts Related to Plaintiff's' FLSA Claims**

11. Defendant admits the allegation contained within paragraph eleven.

12. Defendant admits the allegation contained within paragraph twelve.

13. Defendant admits that it employs technicians to sell and provide pest control services to its customers.

14. Defendant admits the allegation contained within paragraph fourteen.

15. Defendant admits that it employed Plaintiff within the three years preceding the filing of this lawsuit.

16. Defendant denies the allegation contained within paragraph sixteen.

17. Defendant denies the allegation contained within paragraph seventeen.

18. Defendant denies that Plaintiff's' primary duties were limited to providing pest control services in the home and locations of Defendant's clients.

19. Defendant denies the allegations contained within paragraph nineteen because they are too vague to otherwise admit or deny.

20. Defendant denies the allegation contained within paragraph twenty.

21. Defendant denies the allegation contained within paragraph twenty-one.

22. Defendant admits the allegation contained within paragraph twenty-two.

23. Defendant denies the allegation contained within paragraph twenty-three.

24. Defendant denies the allegation contained within paragraph twenty-four.

25. Defendant denies the allegation contained within paragraph twenty-five.

26. Defendant admits the allegation contained within paragraph twenty-six.

27. Defendant admits the allegation contained within paragraph twenty-seven.

28. Defendant admits the allegation contained within paragraph twenty-eight as to Plaintiff but the phrase "other Technicians" is too vague to otherwise admit or deny, and therefore denies.

29. The term "regularly" is vague; thus, Defendant is without a sufficient basis upon which it can affirm or deny the allegation. To the extent that a response is required, Defendant denies the allegation contained within paragraph twenty-nine.

30. The terms "regularly", "occasionally" and "other Technicians" are vague; thus, Defendant is without a sufficient basis upon which it can affirm or deny the allegation. To the extent that a response is required, Defendant denies the allegation contained within paragraph thirty.

31. Defendant denies the allegation contained within paragraph thirty-one as to Plaintiff, and further denies as to "other Technicians" as the term is too vague to otherwise admit or deny.

32. Defendant denies the allegations in paragraph thirty-two.

33. Defendant denies the allegation contained within paragraph thirty-three on the basis that such allegation is indistinguishable from the allegation contained within paragraph twenty-four.

34. The term "regularly" is vague; thus, Defendant is without a sufficient basis upon which it can affirm or deny the allegation. To the extent that a response is required, Defendant denies the allegation contained within paragraph thirty-four.

35. Defendant denies the allegation contained within paragraph thirty-five.

36. Defendant denies the allegation contained within paragraph thirty-six.

37. Defendant denies the allegation contained within paragraph thirty-seven.

38. Defendant denies the allegation contained within paragraph thirty-eight and further denies as to "other Technicians" as the term is too vague to otherwise admit or deny.

39. Defendant states that 29 C.F.R. § 779.412 speaks for itself; thus, paragraph thirty-nine does not require an admission or denial from Defendant.

40. Defendant denies the allegation contained within paragraph forty and further denies as to "other Technicians" as the term is too vague to otherwise admit or deny.

41. Defendant denies the allegation contained within paragraph forty-one and further denies as to "other Technicians" as the term is too vague to otherwise admit or deny.

42. The term "regularly" is vague; thus, Defendant denies the allegation contained within paragraph forty-two and further denies as to "other Technicians" as the term is too vague to otherwise admit or deny.

43. Defendant cannot speak to Plaintiff's speculations and mental processes, including Plaintiff's estimation as to the number of miles driven per week; thus, Defendant denies the allegation contained within paragraph forty-three.

44. Defendant denies the allegation contained within paragraph forty-four on the basis that Plaintiff used company-owned vehicles and "gas cards" to purchase gasoline; thus, Plaintiff was not entitled to reimbursement for gasoline or automobile expenses.

45. Defendant states that 29 U.S.C. § 531.35 speaks for itself; thus, paragraph forty-five does not require an admission or denial from Defendant.

46. Defendant denies the allegation contained within paragraph forty-six.

47. The term "other Technicians" is too vague to otherwise admit or deny, and therefore Defendant denies the allegation contained within paragraph forty-seven.

48. The term "other Technicians", and therefore is too vague to otherwise admit or deny Defendant denies the allegation contained within paragraph forty-eight.

49. Defendant denies the allegation contained within paragraph forty-nine.

50. Defendant denies the allegation contained within paragraph fifty.

51. Defendant denies the allegation contained within paragraph fifty-one.

52. Defendant denies the allegation contained within paragraph fifty-two.

53. Defendant denies the allegation contained within paragraph fifty-three.

## V. REPRESENTATIVE ACTION ALLEGATIONS

54. As addressed in paragraph one, Defendant admits that Plaintiff seeks to proceed on a collective basis, but Defendant denies that Plaintiff or others are entitled to the relief listed in paragraph fifty-four.

55. Defendant admits that Plaintiff filed a Consent to Join Collective Action (Doc. No. 8), but Defendant is without sufficient knowledge as to her compliance with the requirements of FLSA Section 16(b), thus Defendant denies the same.

56. Defendant denies the assertion contained within paragraph fifty-six.

57. Paragraph fifty-seven does not require an admission or denial of Defendant; however, to the extent that a response is required, Defendant hereby denies that "all Technicians who were paid on a piece-rate basis in the past three years," are entitled to collective or representative notice or treatment under the FLSA.

58. Defendant denies the assertion contained within paragraph fifty-eight.

59. Defendant is without knowledge of Plaintiff's subjective belief as to the size of a putative collective.

60. Defendant denies that any current or former employees of Defendant are entitled to any additional compensation for work performed; thus, Defendant denies that Defendant can identify "the members of the collective" and thereby denies the allegation contained within paragraph sixty.

61. For the reasons stated in paragraph sixty of this Answer, Defendant denies the allegation contained within paragraph sixty-one of Plaintiff's Amended Complaint.

62. For the reasons stated in paragraph sixty of this Answer, Defendant denies the allegation contained within paragraph sixty-two of Plaintiff's' Amended Complaint.

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

63. Defendant admits that Plaintiff seeks relief as identified in paragraph sixty-three, but Defendant denies that Plaintiff is entitled to the relief identified in paragraph sixty-three.

64. As addressed in the above paragraph fourteen, Defendant admits that Defendant employed Plaintiff.

65. Defendant admits the allegation contained within paragraph sixty-five.

66. Defendant denies the allegation contained within paragraph sixty-six.

67. Defendant denies the allegation contained within paragraph sixty-seven.

68. Defendant denies the allegation contained within paragraph sixty-eight

69. Defendant denies the allegation contained within paragraph sixty-nine.

70. Defendant denies the allegation contained within paragraph seventy.

71. Defendant denies the allegation contained within paragraph seventy-one.

72. Defendant denies the allegation contained within paragraph seventy-two.

73. Defendant denies the allegation contained within paragraph seventy-three.

74. Defendant denies the allegation contained within paragraph seventy-four.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

75. Defendant admits that Plaintiff seeks to proceed on a collective basis, but Defendant denies the remainder of the allegations contained in paragraph seventy-five.

76. As addressed in the above paragraphs fourteen and sixty-four, Defendant admits that Defendant employed Plaintiff and denies the remaining allegations in paragraph seventy-six.

77. Defendant denies the allegation contained within paragraph seventy-seven.

78. Defendant denies the allegation contained within paragraph seventy-eight.

79. Defendant denies the allegation contained within paragraph seventy-nine.

80. Defendant denies the allegation contained within paragraph eighty.

81. Defendant denies the allegation contained within paragraph eighty-one.

82. Defendant denies the allegation contained within paragraph eighty-two.

83. Defendant denies the allegation contained within paragraph eighty-three.

84. Defendant denies the allegation contained within paragraph eighty-four.

85. Defendant denies the allegation contained within paragraph eighty-five.

## X.     PRAYER FOR RELIEF

Defendant denies that Plaintiff or any putative collective or class members are entitled to any of the relief outlined in the "Prayer for Relief" section of the Amended Complaint. Moreover, any and all allegations in Plaintiff's Amended Complaint not expressly admitted herein are hereby denied by Defendant.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, Defendant pleads the following affirmative and other defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit:

86. Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

87. Plaintiff, and all others, are not entitled to overtime payment pursuant to 29 U.S.C. § 207(i).

88. The claims of Plaintiff and the individuals she seeks to represent are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance on written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the Administrator of

the Wage and Hour Division of the United States Department of Labor. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

89. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

90. The claims of Plaintiff and the individuals Plaintiff seeks to represent are barred in whole or in part, to the extent that any activities that Plaintiff and/or the individuals Plaintiff seeks to represent may have performed were (a) not compensable work; or (b) barred by the doctrine of *de minimis non curat lex*.

91. Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that its actions did not violate the FLSA, and Defendant asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages and the applicable statute of limitations. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

92. Assuming, *arguendo*, that Defendant violated any provision of the FLSA (which it did not) such violation was not pursuant to a uniform policy or plan. Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and procedure promulgated and tolerated by Defendant. This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

93. The entire collective action Amended Complaint seeking class-wide relief must be dismissed, as Plaintiff cannot satisfy the requirements for maintenance of a collective action under

Section 216 of the FLSA, or otherwise. Plaintiff is not similarly situated to or otherwise an adequate representative for the persons whom she purports to represent and furthermore, there are no putative class members who are similarly situated to Plaintiff, as that term is defined and interpreted under the FLSA, 29 U.S.C. § 216(b).

94. To the extent applicable, Plaintiff's claims are barred by the equitable doctrines of waiver, unclean hands, and laches. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

95. Certain of the interests of the alleged putative group that Plaintiff purports to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

96. The claims of Plaintiff and the individuals she seek to represent are barred to the extent that she or they did not work more than forty (40) hours in any given workweek and, therefore, are not entitled to overtime under the FLSA.

97. Liability, if any, to Plaintiff and the individuals Plaintiff seeks to represent cannot be determined through generalized class-wide proof by a single jury on a group-wide basis. Allowing this action to proceed as a collective action would violate Defendant's right to a trial by jury guaranteed by the United States Constitution and rights under the Seventh and Fourteenth Amendments to the United States Constitution.

98. To the extent Defendant paid wages for work reported, but not performed by Plaintiff or the individuals she seeks to represent for the time at issue, Defendant is entitled to offset those amounts against sums that may be found due and owing, if any. *Singer v. City of Waco,* 324 F.3d 312, 826 (5th Cir. 2003); *see also Aguirre v. Tastee Kreme #2, Inc., et al,.* (S.D.

Tex.) 2017 WL 3910897, at *2 (permitting setoff defense based on evidence that overtime was paid to plaintiffs).

99.     Plaintiff and all alleged potential class members have been paid and received all wages and all other compensation due to them by virtue of their employment, if any, with Defendant. All or portions of the claims set forth in the Amended Complaint are barred because Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

100.    Plaintiff is not entitled to an award of prejudgment interest if she prevails on any or all of her stated claims. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

101.    Plaintiff is only entitled to one satisfaction for any established unlawful conduct and her claims for damages are limited by the applicable statutory maximum. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

102.    Plaintiff is not entitled to any recovery because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA, including but not limited to the retail sales exemption and the outside sales exemption. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

103.    The Amended Complaint fails, or whole or in part, because Plaintiff and the individuals she seeks to represent have been fully paid all amounts legally owed by Defendant, and by accepting the payments made to them, they have effectuated an accord and satisfaction of their claims.

104.    Assuming, *arguendo*, that Plaintiff is entitled to damages under any provision of the FLSA, liability should be apportioned, in whole or in part, among Plaintiff, and other responsible third parties, to the extent applicable.

105. The Complaint is barred, in whole or in part, to the extent that Plaintiff or any of the individuals Plaintiff seeks to represent have agreed to submit their claims to binding arbitration.

106. The Amended Complaint is barred, in whole or in part, to the extent Plaintiff or any of the individuals Plaintiff seeks to represent waived their rights to bring claims under the FLSA on a class or collective basis.

107. For purposes of preserving the defense pending discovery, if Plaintiff or any of the individuals Plaintiff seeks to represent file or have filed for bankruptcy and fail or have failed to disclose with the bankruptcy court either: (1) unpaid wages as an amount owed to them; or (2) employment disputes giving rise to a claim seeking monetary damages, they may be barred from pursuing their wage and/or employment claims under the doctrine of judicial estoppel and for lack of standing.

108. Defendant's defenses above are likewise asserted as defenses to the claims of any and all members of any collective action that may (but should not be) certified in this case.

109. Defendant has not had an opportunity to conduct a full and sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. Defendant intends to act expediently to inform itself as to the pertinent facts and prevailing circumstances surrounding any claimed damages and hereby give notice of its intent to assert any affirmative defenses or allegations of fact that this information-gathering process may indicate are supported by law.

WHEREFORE, having fully answered, Defendant prays that this action be dismissed on the merits and with prejudice, that Plaintiff and the individuals she seeks to represent take nothing, that Defendant be awarded its costs and reasonable attorneys' fees, and that Defendant have such other and further relief, general and specific, legal and equitable, to which it is justly entitled.

Dated: September 12, 2024                              Respectfully submitted,

*/s/ Renee S. Schuldt*
David B. Jordan (Attorney-in-Charge)
Texas Bar No. 24032603
Federal I.D. No. 40416
djordan@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone:       713.951.9400
Facsimile:        713.951.9212

Renee S. Schuldt
Texas State Bar No. 2413390
Federal I.D. No. 3874792
rschuldt@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
Telephone: 214.880.8100
Facsimile: 214.880.0181

**ATTORNEYS FOR DEFENDANT
WHITE KNIGHT PEST CONTROL, INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 12th day of September, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing upon the counsel below:

Josh Sanford
SANFORD LAW FIRM, PLLC
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com

    ***Attorney for Plaintiff***

           */s/Renee S. Schuldt*
           Renee S. Schuldt

4871-3922-6083.1 / 122022-1001